UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Abdiyyah ben Alkebulanyahh**, # SK6012, *fka or aka Tyree Alphonso Roberts*,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>**George W. Bush**;  )<br>**Mark Sanford**;  )<br>**Jon Ozmint**; and  )<br>**Stan Burtt**,  )<br>)<br>)<br>Defendants.  )<br>_____) | C/A No. 6:07-3219-MBS-WMC<br><br><br><br>**Report and Recommendation** |

## *Background of this Case*

The plaintiff is a "Death Row" inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC). *See State v. Roberts*, 369 S.C. 580, 632 S.E.2d 871 (2006) (affirming conviction and death sentence on direct appeal), *cert. denied, Roberts v. South Carolina*, 75 U.S.L.W. 3368, 167 L.Ed.2d 320, 127 S.Ct. 1828 (2007). The plaintiff has brought suit against the President of the United States, the Governor of South Carolina, the Director of the SCDC, and the Warden of the Lieber Correctional Institution. The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the suspension of the plaintiff's visitation privileges for disciplinary violations and out of the plaintiff's criminal case. It appears that

1

the plaintiff, who been told by his attorneys that he (the plaintiff) will be executed in 2008, has realized that he may not receive visitors prior to his execution because his visitation privileges have been suspended until November 4, 2010.

Although the plaintiff indicates that he has exhausted his prison remedies, the exhibit (Entry No. 1-2) appended to the complaint is a "Request to Staff Member" (SCDC Form 19-11), not a grievance form. The response by an SCDC official indicates that the plaintiff's visitation privileges were suspended because of thirteen (13) major disciplinary violations:

> Since March 25, 2004, you have received 13 Major disciplinary convictions. Each charge you were served a copy. You are correct that your visitation privileges are suspended until Nov. 4, 2010.

Plaintiff's Exhibit (Entry No. 1-2).

In his request for relief, the plaintiff seeks a court order enforcing visitation by the plaintiff's family. In the alternative, the plaintiff requests an award of nineteen million dollars to the plaintiff's parents and oldest child if the plaintiff is not permitted to see them by February 8, 2008. The plaintiff also seeks eleven million dollars if he (the plaintiff) is granted a new trial or federal habeas corpus relief.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C.

§ 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S. Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

As to President George W. Bush, the undersigned is treating this case, in part, as a *Bivens* action. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993), which *cites*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule).

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued pursuant to 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); and *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310 n. 8 (M.D. Ala. 2001) (noting that, since courts have expanded the *Bivens* remedy, usually used for a Fourth Amendment violation, to allow direct action

under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

It is readily apparent that President Bush and Governor Sanford were not personally involved in the matters that have given rise to this civil rights action. *See Wilson v. Cooper*, 922 F. Supp. 1286, 1293 (N.D. Ill. 1996); and *Campo v. Keane*, 913 F. Supp. 814, 825 & n. 11 (S.D.N.Y. 1996). *See also Horton v. Marovich*, 925 F. Supp. 540 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."). Moreover, the doctrine of *respondeat superior* is not applicable in § 1983 actions or *Bivens* actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977).

Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. *Wolff v. McDonnell*, 418 U.S. 539, 558-562 (1974). There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975); and *Lyons v. Clark*, 694 F. Supp. 184, 187 (E.D. Va. 1988) (collecting cases), *affirmed*, 887 F.2d 1080 (4th Cir. 1989)[Table]. In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 & n.1 (4th Cir. 1984) (collecting cases).

5

Controlling precedents require federal courts to accord deference to corrections departments with respect to the operation of the particular institution or prison system. *See Block v. Rutherford*, 468 U.S. 576 (1984); *Rhodes v. Chapman*, 452 U.S. 337, 346-347 (1981); *Atiyeh v. Capps*, 449 U.S. 1312, 1315-1316 (1981) (The Eighth Amendment does not require that prisoners "be housed in a manner most pleasing to them, or considered even by most knowledgeable penal authorities to be likely to avoid confrontations, psychological depression, and the like."), which was a stay of a district court's order entered by Justice Rehnquist in his capacity as a Circuit Justice.

In any event, "[n]either convicted prisoners nor their family members have an inherent constitutional right to visitation" because "[a]n inability to receive visitors is not atypical and unusually harsh compared to the ordinary circumstances contemplated by a prison sentence." *Africa v. Vaughn*, 1996 U.S.Dist. LEXIS® 1622, 1996 WESTLAW® 65445 (E.D. Pa., February 14, 1996) (collecting cases). *See also Sandin v. Conner*, 515 U.S. 472 (1995); *Williams v. Fleming*, 2007 U.S.Dist. LEXIS® 67738, 2007 WESTLAW® 2693644, *3 (W.D. Va., September 13, 2007) ("Moreover, neither prisoners nor would-be visitors have constitutional rights to prison visitation."); *Ozolina v. Durant*, 1996 U.S.Dist. LEXIS® 2122, 1996 WESTLAW® 82481 (E.D. Pa., February 26, 1996) (under *Sandin*, "there is no right to visitation protected by the Due Process Clause"); and *cf. Byrd v. Pittman*, 1995 WESTLAW® 434453 [no LEXIS® citation available] (D.D.C., July 12, 1995) (no constitutional right to visitation at Lorton Reformatory [the District of Columbia's Prison, which is located in Virginia] because denial of visitation does not concern a

6

protected liberty interest, and because revocation of visitation will not affect duration of plaintiff's sentence).

Furthermore, at least in the view of the three dissenters in *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 461 (1989) (upholding denial of prison visitation with mother), prison authorities are "now free to deny prisoners visits . . . for any reason whatsoever or for no reason at all." *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. at 465-466 (Marshall, J., dissenting). *See also Collins v. City of Harker Heights*, 503 U.S. 115, 119 (1992) (§ 1983 does not create a remedy for abuse of governmental power that does not violate federal rights); *Carter v. Sullivan*, 924 F. Supp. 903 (C.D. Ill. 1996) (upholding Illinois Department of Corrections' regulation requiring inmates to submit list of visitors for verification, review, and approval by chief administrator); and *Viserto v. Coombe*, 1995 U.S.Dist. LEXIS® 16064, 1995 WESTLAW® 643845 (W.D.N.Y., October 13, 1995) (Since visitation is a "creature of state regulation[,] . . . "[w]hat the State giveth by regulation, under these circumstances, the State may taketh away by regulation."). *Cf. Mayo v. Lane*, 867 F.2d 374, 375 (7th Cir. 1989) ("Prison necessarily disrupts the normal pattern of familial association, so lawful imprisonment can hardly be thought a deprivation of the right of relatives to associate with the imprisoned criminal."); and *Campbell v. Cooper*, 1996 U.S.Dist. LEXIS® 4399, 1996 WESTLAW® 169418, *1 (N.D. Ill., April 8, 1996) (under *Mayo v. Lane*, "the visitor has no liberty interest in access to the prison").

Since the plaintiff has had thirteen (13) major disciplinary convictions in less than four years in the SCDC,[3] the decision to suspend visitation privileges did not violate the plaintiff's constitutional rights because there is no constitutional right to visitation. *McKenzie v. King*, 2007 U.S.Dist. LEXIS® 64852, 2007 WESTLAW® 2557752 (S.D. Miss., August 31, 2007) ("The Plaintiff simply does not have a constitutionally protected right to visitation under the First Amendment. *Thorne v. Jones*, 765 F.2d 1270 (5th Cir.1985). Additionally, this court has determined that the Plaintiff's denial of visitation did not impose an atypical, significant deprivation in relation to the ordinary incidents of prison life as necessary to invoke the protections of the Due Process Clause."); *Anderson v. County of Kern*, 45 F.3d 1310, 1312 (9th Cir. 1995)(prison officials have legitimate penological interest in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security"), *rehearing denied*, 75 F.3d 448 (9th Cir. 1995), *cert. denied*, *County of Kern v. Anderson*, 516 U.S. 916 (1995); and *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight"). *Cf. Wilkerson v. Stalder*, 2007 U.S.Dist. LEXIS® 67077, 2007 WESTLAW® 2693852 (M.D. La., September 11, 2007) ("Appellants admit they were transferred to lockdown status because they killed a prison correctional officer. Appellants' prison conduct justifies their lockdown status.").

---

[3]The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the plaintiff entered the SCDC on October 23, 2003.

8

In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff also raises matters pertaining to his criminal trial, conviction, and sentence entered by the Court of General Sessions for Beaufort County. Such claims are precluded by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), until a right of action accrues. *Woods v. Candela*, 47 F.3d 545 (2nd Cir.) (conviction reversed by state court; civil rights action timely filed), *cert. denied*, *Candela v. Woods*, 516 U.S. 808 (1995).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

October 3, 2007                                             s/William M. Catoe
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).