IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Abdiyyah ben Alkebulanyahh, #SK6012, ) <br> (a.k.a. Tyree Alphonso Roberts), ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> George W. Bush; Mark Sanford; ) <br> Jon Ozmint; and Stan Burtt; ) <br> ) <br> Defendants. ) <br> _____ ) | C/A No. 6:07-3219-MBS <br><br><br><br><br> **O R D E R** |

This is an action brought by Abdiyyah ben Alkebulanyahh ("Plaintiff"), an inmate of the South Carolina Department of Corrections ("SCDC"), against President George W. Bush; South Carolina Governor Mark Sanford; Jon Ozmint, Director of SCDC; and Stan Burtt, Warden of Lieber Correctional Institution ( together "Defendants") pursuant to 42 U.S.C. § 1983.[1] Plaintiff, a "death row" inmate, alleges Defendants have violated his Fifth, Eighth, and Fourteenth Amendment rights by depriving him of his visitation privileges. Plaintiff seeks a court order enforcing visitation by his family and monetary damages for his family in the event he is not allowed visitation prior to his execution.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge William M. Catoe for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on October 3, 2007, recommending that

---

[1] With respect to Defendant George W. Bush, the Magistrate Judge correctly construed Plaintiff's claims to invoke a Bivens action. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 338 (1971) (establishing a cause of action against federal officials for violations of federal constitutional rights).

Plaintiff's complaint be summarily dismissed for failure to state a claim. Plaintiff filed objections to the Report and Recommendation on October 18, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). Having reviewed the Report, complaint, objections, and applicable law, the court overrules in part and sustains in part Plaintiff's objections to the Magistrate Judge's recommendation of summary dismissal.

## I. FACTS

Plaintiff is currently incarcerated on "death row" at Lieber Correctional Institution. Since March 25, 2004, Plaintiff has received thirteen major disciplinary convictions, resulting in a suspension of his visitation privileges until November 4, 2010. See Plaintiff's Exhibit 1-2. Plaintiff alleges that he will be executed in 2008.

## II. DISCUSSION

A. Defendants Bush and Sanford

The Magistrate Judge found that "President Bush and Governor Sanford were not personally involved in the matters that have given rise to this civil rights action." Report and Recommendation, p. 5. Plaintiff objects to this finding, alleging that "President Bush is involved and personally involved in the matter that have [sic] given rise to this civil rights action." Plaintiff's Objections,

2

p. 2.  Plaintiff also contends that "[Governor] Sanford has personally caused and played a role in causing the deprivation of Plaintiff his [sic] federal rights," by giving "Jon E. Ozmint the official authority to deprive Plaintiff of his constitutional and prisoner's right."  Id. at 3.

As the Magistrate Judge correctly observed, the doctrine of respondeat superior is not applicable to § 1983 and Bivens actions.  See Vinnedge v. Gibbs, 550 F.2d 926, 928-29 (4th Cir. 1977).  Plaintiff has alleged no facts that could be construed to subject Defendants President Bush or Governor Sanford to liability.  Plaintiff's conclusory allegations, without more, fail to state a claim against these Defendants pursuant to § 1983 or Bivens.  See McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) ("the less stringent standard for a pro se plaintiff does not require a court to manufacture facts not pled to support conclusory allegations.").  Accordingly, the court concurs with the Magistrate Judge that Plaintiff's claims against President Bush and Governor Sanford should be dismissed.

B.  Defendants Ozmint and Burtt

The Magistrate Judge found that Plaintiff failed to state a cognizable § 1983 claim against Defendants Ozmint and Burtt because "the decision to suspend visitation privileges did not violate the plaintiff's constitutional rights because there is no constitutional right to visitation."  Report and Recommendation, p. 8.  Plaintiff objects to the Magistrate Judge's finding, alleging that prison officials cannot "lawfully deny prisoners visitation from family and friends, indefinite or for years and years."  Plaintiff's Objections, p. 6.

Although the Magistrate Judge correctly stated the general rule that prisoners do not have a constitutionally-protected right to visitation, the court must sustain Plaintiff's objection. Accepting the facts as alleged by Plaintiff to be true, Plaintiff's disciplinary "suspension" amounts to a

permanent deprivation of visitation privileges. The Supreme Court has left open the question of whether permanent deprivations of visitation privileges raise valid constitutional claims. In <u>Overton v. Bazzetta</u>, the court held that a two-year deprivation of visitation privileges did not violate the Eighth Amendment's prohibition against cruel and unusual punishment. 539 U.S. 126 at 137. However, the Court explicitly stated that its ruling did not apply to de facto permanent deprivations of visitation privileges. <u>See</u> <u>Id.</u> at 134 ("[I]f faced with evidence that [the prison regulation] is treated as a de facto permanent ban on all visitation for certain inmates, we might reach a different conclusion. . . ."); <u>id.</u> at 137 ("If the withdrawal of visitation privileges were permanent or for a much longer period . . . the case would present different considerations."). Having reviewed the Report and Recommendation and the relevant case law, the court finds that Plaintiff is not barred from challenging a de facto permanent deprivation of his visitation privileges by way of a § 1983 action.

### III.  CONCLUSION

The court recommits the case to the Magistrate Judge for issuance and service of process on Defendants Ozmint and Burtt. For the reasons stated herein, the court hereby dismisses Plaintiff's action with respect to Defendants President George W. Bush and Governor Mark Sanford pursuant to 28 U.S.C. § 1915 (e)(2)(B).

**IT IS SO ORDERED.**

/s/Margaret B. Seymour  
Margaret B. Seymour  
United States District Judge

Columbia, South Carolina  
July 1, 2008.